**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 17 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SSA TERMINALS, LLC and
HOMEPORT INSURANCE COMPANY,

Petitioners,

v.

ROBERT AMEZCUA; et al.,

Respondents.

No. 13-74135

BRB No. 13-0088

MEMORANDUM[*]

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted February 3, 2016
Pasadena, California

Before: REINHARDT, PAEZ, and M. SMITH, Circuit Judges.

SSA Terminals, LLC ("SSA") appeals the decision of the U.S. Department

of Labor's Benefits Review Board ("the Board") affirming its liability under the

"last responsible employer" rule of the Longshore and Harbor Workers'

Compensation Act ("LHWCA"), 33 U.S.C. §§ 901–951. We have jurisdiction

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

pursuant to 33 U.S.C. § 921(c), and we affirm. "The BRB is required to accept the ALJ's findings unless they are contrary to law, irrational, or unsupported by substantial evidence. We review the Board's decisions for errors of law and adherence to the substantial evidence standard." *Metro. Stevedore Co. v. Crescent Wharf & Warehouse Co.*, 339 F.3d 1102, 1105 (9th Cir. 2003) (citations omitted).

SSA argues that claimant Robert Amezcua's injury occurred on January 9, 2009, while he was employed by Yusen Terminals, and not on January 22, 2009, when he was employed by SSA. It challenges the Board's affirmance of the ALJ's findings (1) that cumulative trauma aggravated Amezcua's underlying disability and (2) that some of the opinions of an expert, non-treating physician were due greater weight than those of the treating physician. It also contends that substantial evidence in the record does not support the decision of the ALJ or the Board.

**1.** We have held that an employer may be liable for an injured worker's disability if the claimant's work for that employer "aggravated, accelerated or combined with [the] claimant's prior injury" to result in that disability. *Keller Found./Case Found. v. Tracy*, 696 F.3d 835, 838 (9th Cir. 2012) (citations omitted). That rule applies even if "the worker did not incur the greater part of his injury with that particular employer." *Port of Portland v. Dir., Office of Workers' Comp. Programs*, 932 F.2d 836, 839–40 (9th Cir. 1991) (citation omitted).

Although Amezcua tore his anterior cruciate ligament (ACL) on the job on January 9, 2009, he returned to work on January 12, 13, 14, 16, 17, 18, 19, 20 and 22. He experienced significant pain during those shifts, in addition to limited mobility, resulting in temporary total disability due to his "extreme and unbearable" knee pain. In response to inquiries from counsel for the parties, Amezcua's first treating physician, Dr. Delman, opined that absent a second trauma, Amezcua's post-injury work did not aggravate his injury. Dr. Sisto, a consulting physician who examined Amezcua in-person on several occasions, offered a conflicting opinion, advising that all post-injury weight-bearing activity aggravated Amezcua's ACL injury and that that aggravation permanently worsened Amezcua's disability. The ALJ offered a thorough analysis of the record and his reasons for crediting Dr. Sisto's opinion over Dr. Delman's opinion. Those factual determinations are supported by substantial evidence in the record as a whole, and the ALJ did not err in determining that Amezcua's final shift with SSA permanently worsened his underlying disability.

2.    The ALJ presented a thorough analysis of why he assigned greater weight to Dr. Sisto's opinion, and not Dr. Delman's opinion, regarding the aggravation of Amezcua's initial injury. In particular, that analysis focused on each doctor's evaluation methods, prior testimony in similar workers' compensation cases,

3

examination history of the claimant, and professional qualifications. In light of those considerations and the record evidence as a whole, substantial evidence supported the ALJ's determination to assign greater weight to Dr. Sisto's testimony regarding aggravation of Amezcua's underlying disability.

3. In light of the evidence in the record as a whole and our determinations above, we conclude that substantial evidence supports the ALJ's decision and order, and the decision and order of the Board.

**AFFIRMED.**